UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rae Anne McKenzie,

       Plaintiff,

v.                                                                                                         Civ. No. 05-1265 (JNE/SRN)
                                                                                                           ORDER
Rider Bennett, LLP, Gregory Erickson,
Andrew E. Tanick, Eric J. Magnuson,
Barry F. Clegg, Grace Hall, and Pamela
Harris,

       Defendants.

---

Heidi A. Drobnick, Esq., Swanson, Drobnick & Tousey, LLP, appeared for Plaintiff Rae Anne McKenzie.

Laura J. McKnight, Esq., Bassford Remele, PA, appeared for Defendants Rider Bennett, LLP, Gregory Erickson, Andrew E. Tanick, Eric J. Magnuson, Barry F. Clegg, Grace Hall, and Pamela Harris.

---

       This is an action by Rae Anne McKenzie against her former employer—Rider Bennett, LLP—and her former supervisors—Gregory Erickson, Andrew Tanick, Eric Magnuson, Barry Clegg, Grace Hall, and Pamela Harris (collectively, Individual Defendants). Hall is Rider Bennett's Director of Human Services, and the remaining Individual Defendants are partners at Rider Bennett. McKenzie alleges Rider Bennett and the Individual Defendants (collectively, Defendants) discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17 (2000), and the Minnesota Human Rights Act (MHRA), Minn. Stat. §§ 363A.01-.41 (2004); retaliated against her in violation of Minnesota's whistleblower statute, Minn. Stat. § 181.932 (2004); and defamed her. She also asserts claims against Defendants for negligent supervision, negligent retention, and negligent infliction of emotional distress, and against Erickson and Rider Bennett for assault and battery.

1

The case is before the Court on Defendants' Motion to Dismiss and/or for Summary Judgment. For the reasons set forth below, the Court grants in part and denies in part the motion.

## I.     BACKGROUND

In the background, the Court summarizes the allegations of McKenzie's Complaint. McKenzie is a Native American woman. She has forty-four years of experience as a legal assistant. On April 8, 2003, she began working at Rider Bennett as a Legal Administrative Assistant. During her first few months, she worked for several attorneys, including Erickson, who evaluated her work favorably. In September 2003, McKenzie was permanently assigned to Erickson. The next month, McKenzie received five "exceeds expectations" and three "meets expectations" from Erickson in an evaluation.

Initially, Erickson and McKenzie enjoyed a positive working relationship. They engaged in playful banter and teasing. In January 2004, McKenzie became uncomfortable as Erickson's interactions with her allegedly became more physical. She attempted to avoid Erickson, even though he was her primary supervising attorney.

In late April 2004, McKenzie wrote a letter to Erickson and placed it on his desk, hoping to engage in a conversation about the tension between them and to resolve her discomfort. The next day, after meeting with Magnuson, Erickson had a conversation with McKenzie. Erickson said, "I do not know what I did to you to make you think I sexually harassed you." Erickson stated that they could no longer work together and that he had to give the letter to the firm's management.

Over the weekend, Harris contacted McKenzie to schedule an interview about the events of the preceding week. On Monday, May 3, 2004, Harris and Hall interviewed McKenzie about her relationship with Erickson. At the end of the interview, Hall and Harris placed McKenzie on

paid leave pending the investigation's conclusion. By letter dated May 11, 2004, Hall informed McKenzie that the investigation was complete without disclosing its result to McKenzie.

McKenzie returned to Rider Bennett on May 18, 2004. She was assigned to a different floor, returned to floater status, and subjected to heightened scrutiny. Shortly after her return, McKenzie met with Harris and Hall to discuss emails that McKenzie had sent to Erickson after her return. At the start of that meeting, Hall informed McKenzie that her annual review was not yet ready but that it would be negative. Hall and Harris informed McKenzie that Erickson felt uncomfortable about receiving emails from McKenzie. McKenzie agreed to refrain from sending emails to Erickson. However, neither Hall nor Harris ordered McKenzie to stop contacting Erickson via email.

After the meeting, McKenzie decided to forward to Hall and Harris copies of all emails that she had sent to Erickson since her return to Rider Bennett. McKenzie included Erickson in the list of recipients. The next day, Rider Bennett terminated McKenzie's employment for allegedly disobeying directives.

After pursuing administrative remedies, McKenzie brought this action. Defendants now move to dismiss or for summary judgment.

## II.   DISCUSSION

Defendants move to dismiss some of McKenzie's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In ruling on a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, a court must accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff. *Midwestern Mach., Inc. v. Nw. Airlines, Inc.*, 167 F.3d 439, 441 (8th Cir. 1999); *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993). A court will not dismiss a complaint unless it appears beyond doubt that the

3

plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002).

Defendants also move for summary judgment on some of McKenzie's claims. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the party opposing the motion to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**A.     Title VII**

McKenzie alleges that Defendants violated Title VII by discriminating against her on the basis of her gender. Specifically, she asserts Defendants subjected her to a hostile work environment and to disparate treatment. In addition, she maintains Defendants retaliated against her for reporting sexual harassment.

*1.     Individual Defendants*

The Individual Defendants assert the Court should dismiss McKenzie's claims under Title VII against them because Title VII precludes individual liability. The Court agrees. "[A] supervisor may not be held liable under Title VII." *Roark v. City of Hazen*, 189 F.3d 758, 761 (8th Cir. 1999); *see Bonomolo-Hagen v. Clay Cent.-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (per curiam); *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam). The Court therefore dismisses McKenzie's claims under Title VII against the Individual Defendants. *See* Fed. R. Civ. P. 12(b)(6).

*2.     Rider Bennett*

Rider Bennett maintains it is entitled to summary judgment on McKenzie's claims under Title VII because she cannot prove them. "[S]ummary judgment is proper only if the nonmovant has had adequate time for discovery. The nonmoving party must make a showing, however, that discovery has been inadequate." *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006) (citation omitted); *see Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999) (stating general rule that summary judgment proper only after nonmovant had adequate time for discovery). "Discovery is not necessary in every situation; for example, when a complaint is facially time-barred . . . . If the failure to allow discovery deprives the nonmovant of a fair chance to respond to the motion, however, summary judgment is not proper and will be reversed." *Iverson*, 172 F.3d at 530 (citations omitted). Here, as repeatedly noted in McKenzie's memorandum of law, Defendants brought their motion before McKenzie had the opportunity to conduct any discovery. *See* Fed. R. Civ. P. 26(d). Accordingly, the Court concludes that summary judgment is not proper insofar as Defendants assert she is unable to

prove her Title VII claims. The Court expresses no opinion as to whether McKenzie's claims will survive a later motion for summary judgment.

**B.      MHRA**

McKenzie maintains that Defendants violated the MHRA by discriminating against her on the basis of her gender. In particular, she asserts that Defendants subjected her to a hostile work environment and to disparate treatment, that Defendants retaliated against her, and that the Individual Defendants aided and abetted the alleged violations of the MHRA.

*1.      Individual Defendants*

The Individual Defendants move to dismiss McKenzie's claims under the MHRA other than the one for aiding and abetting because the MHRA bars individual liability for these claims. Under the MHRA, supervisors may not be held individually liable for sexual harassment. *Waag v. Thomas Pontiac, Buick, GMC, Inc.*, 930 F. Supp. 393, 406-08 (D. Minn. 1996). The Court therefore dismisses McKenzie's MHRA claims against the Individual Defendants with the exception of the claim for aiding and abetting. *See* Fed. R. Civ. P. 12(b)(6).

*2.      Timeliness*

Defendants contend the Court should dismiss McKenzie's claims under the MHRA because she did not timely assert them. *See* Minn. Stat. §363A.33, subd. 1(1). In support, Defendants assert the Minnesota Department of Human Rights (MDHR) notified McKenzie of its dismissal of her charge in a letter dated March 24, 2005,[1] that the MDHR informed her of her right to bring a civil action within forty-five days of her receipt of the notice of dismissal, and that McKenzie did not timely commence this action because she first served Rider Bennett and

---

[1]      Consideration of the MDHR's notice of dismissal does not require the Court to resolve this issue under Rule 56. *Cf. Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802-03 (8th Cir. 2002) (concluding that an EEOC charge is part of public record).

some of the Individual Defendants on May 27, 2005. *See* Minn. R. Civ. P. 3.01; *Winkels v. George A. Hormel & Co.*, 874 F.2d 567, 570 (8th Cir. 1989). McKenzie responds that she timely asserted her MHRA claims because she actually received the MDHR's notice of dismissal on June 14, 2005. In her affidavit and an affidavit from a supervisor at a post office in Minneapolis, she explains that she moved after filing her charge of discrimination, that she notified the U.S. Postal Service of her forwarding address, that the U.S. Postal Service mistakenly did not forward the notice of dismissal, and that she retrieved the notice of dismissal from the MDHR on June 14, 2005. Because McKenzie's opposition to Defendants' argument depends on material outside the pleadings, the Court will analyze whether she timely brought her MHRA claims under Rule 56. *See* Fed. R. Civ. P. 12(b).

The Court first considers McKenzie's assertion that she timely asserted her MHRA claims because she received the MDHR's notice of dismissal on June 14, 2005. McKenzie had to bring her action "within 45 days after receipt of notice" of the dismissal of her charge. *See* Minn. Stat. § 363A.33, subd. 1(1). Receipt of a notice of dismissal is presumed to take place "five days from the date of service by mail of the written notice." *Id.*, subd. 1. In this case, the MDHR sent the notice of dismissal on March 24, 2005, to McKenzie at the most recent address that she had provided. That McKenzie moved without providing the MDHR of her new address does not prevent the period for her to bring her MHRA claims from running. *See* Minn. R. 5000.0400, subp. 6 ("It is the continuing responsibility of a charging party to provide the department with written information sufficient to allow it to communicate with the charging party by phone or in writing during the pendency of a charge or any complaint issued thereto."); *cf. Hill v. John Chezik Imps.*, 869 F.2d 1122, 1124 (8th Cir. 1989) ("Generally, the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address

that a plaintiff has provided the EEOC."). Accordingly, the Court rejects McKenzie's assertion that her receipt of the notice of dismissal on June 14, 2005, determines the timeliness of her MHRA claims.

McKenzie next argues that the Court should equitably toll the time for her to bring her MHRA claims. Under certain circumstances, the time to bring an action under the MHRA after the MDHR dismisses a charge may be equitably tolled. *Ochs v. Streater, Inc.*, 568 N.W.2d 858, 860 (Minn. Ct. App. 1997). Factors to consider in determining whether to toll the period include prejudice to the defendant and the plaintiff's conduct. *Id.* In *Ochs*, the court declined to apply equitable tolling where the plaintiff "offered no evidence that circumstances beyond his control prohibited him from serving his complaint within the statutory period." *Id.* Here, McKenzie could easily have informed the MDHR of her new address; indeed, she had an obligation to do so. *See* Minn. R. 5000.0400, subp. 6. Her failure to provide her current address to the MDHR does not warrant equitable tolling of the time she had to assert her MHRA claims. *See Williams v. Thomson Corp.*, 383 F.3d 789, 791 (8th Cir. 2004), *cert. denied*, 125 S. Ct. 1701 (2005); *Hill*, 869 F.2d at 1124.

Viewed in the light most favorable to McKenzie, the record reveals that she did not timely assert her MHRA claims. Accordingly, the Court grants summary judgment in Defendants' favor on McKenzie's claims under the MHRA.

**C.     Minnesota's whistleblower statute**

McKenzie claims Defendants violated Minnesota's whistleblower statute by retaliating against her for reporting sexual harassment. Defendants maintain the MHRA's exclusive remedy provision bars McKenzie's claim under Minnesota's whistleblower statute. In *Williams v. St. Paul Ramsey Medical Center, Inc.*, 551 N.W.2d 483 (Minn. 1996), the Minnesota Supreme

Court held that the MHRA's exclusive remedy provision bars an employee from seeking redress for the same allegedly discriminatory practices on the same facts under both the MHRA and the whistleblower statute. 551 N.W.2d at 485-86; *see Abraham v. County of Hennepin*, 639 N.W.2d 342, 347 (Minn. 2002). In this case, McKenzie's claims under the MHRA and the whistleblower statute are essentially identical. Under *Williams*, the MHRA's exclusive remedy provision bars McKenzie's whistleblower claim. The Court therefore dismisses McKenzie's claim under the whistleblower statute. *See* Fed. R. Civ. P. 12(b)(6).

**D.     Tort claims**

   *1.     MHRA's exclusivity provision*

Defendants assert the Court should dismiss McKenzie's claims for negligent retention, negligent supervision, negligent infliction of emotional distress, defamation, assault, and battery because McKenzie has not distinguished the factual basis of her common-law claims from the factual basis of her MHRA claims. According to Defendants, it is "black letter law that the exclusive remedy provision of the MHRA precludes common law recovery based on the same facts." Consequently, Defendants argue, McKenzie's common-law claims must be dismissed. McKenzie does not respond to Defendants' argument.

Defendants support their argument by citing Minn. Stat. § 363A.04, *Breitenfeldt v. Long Prairie Packing Co.*, 48 F. Supp. 2d 1170, 1180 (D. Minn. 1999) (citing *Williams*, 551 N.W.2d at 485), and *Sullivan v. Spot Weld, Inc.*, 560 N.W.2d 712, 717 (Minn. Ct. App. 1997). Section 363A.04 states in part: "[A]s to acts declared unfair by sections 363A.08 to 363A.19, and 363A.28, subdivision 10, the procedure herein provided shall, while pending, be exclusive." After remarking that "[t]his exclusivity provision has been held to pre-empt common law claims based upon the same facts and alleging the same damages as M.H.R.A. claims while those

M.H.R.A. claims are pending," the court in *Breitenfeldt* dismissed claims of negligent supervision and negligent retention because the claims rested on the same factual predicate as pending MHRA claims. 48 F. Supp. 2d at 1180. In *Sullivan*, the Minnesota Court of Appeals affirmed the district court's dismissal of a claim for negligent supervision where the claim was essentially identical to the plaintiff's MHRA claim. 560 N.W.2d at 717. Thus, *Breitenfeldt* and *Sullivan* support Defendants' argument that McKenzie cannot pursue her claims for negligent retention and negligent supervision.[2]

Defendants' ability to support their argument with cases from this District and the Minnesota Court of Appeals does not, however, mean that Defendants' argument necessarily prevails. When applying state law, a federal court is bound by decisions of the state's highest court. *David v. Tanksley*, 218 F.3d 928, 930 (8th Cir. 2000). In *Wirig v. Kinney Shoe Corp.*, 461 N.W.2d 374 (Minn. 1990), the Minnesota Supreme Court held that "a sexual harassment action brought pursuant to the MHRA does not bar a parallel action for common law battery."[3] 461 N.W.2d at 379. Similarly, in *Vaughn v. Northwest Airlines, Inc.*, 558 N.W.2d 736 (Minn. 1997),

---

[2] In *Gonzalez v. City of Minneapolis*, 267 F. Supp. 2d 1004 (D. Minn. 2003), *aff'd on other grounds*, 107 F. App'x 702 (8th Cir. 2004), the district court relied on *Breitenfeldt* and *Sullivan*—the same cases advanced by Defendants in this case—to support its holding that "[t]he exclusive remedy provisions of the MHRA preclude recovery of common-law claims based on the same facts." 267 F. Supp. 2d at 1016. The Eighth Circuit rejected the district court's conclusion: "The district court concluded that Gonzalez's negligent supervision and negligent retention claims were preempted by the MHRA. The Minnesota Supreme Court has held, however, that the MHRA precludes only double recovery, not factually parallel claims." *Gonzalez*, 107 F. App'x at 703 (citation omitted). As an unpublished opinion, the Eighth Circuit's decision in *Gonzalez* does not have precedential value. *See* 8th Cir. R. 28A(i).

[3] Although Defendants assert the MHRA bars McKenzie's battery claim, Defendants do not cite *Wirig*.

The Minnesota Supreme Court concluded that the analysis of *Wirig* was not appropriate to apply to its consideration of the MHRA's exclusive remedy provision and the whistleblower statute's remedy provision. *Williams*, 551 N.W.2d at 486.

the Minnesota Supreme Court held that the plaintiff's "common-law negligence claim survives preemption by the MHRA" notwithstanding the defendant's assertion that the plaintiff failed to allege separate facts to support the negligence claim. 558 N.W.2d at 744-45. Thus, McKenzie's alleged failure to factually distinguish her common-law claims from her MHRA claims does not necessarily prohibit her from pursuing the common-law claims. Accordingly, the Court denies Defendants' motion insofar as they seek to dismiss McKenzie's common-law claims pursuant to the MHRA's exclusivity provision.[4]

    2.    *Defamation*

Defendants assert that the Court should dismiss McKenzie's defamation claim because McKenzie did not plead it with specificity. "Minnesota law has generally required that in defamation suits, the defamatory matter be set out verbatim." *Moreno v. Crookston Times Printing Co.*, 610 N.W.2d 321, 326 (Minn. 2000); *see Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1011 (8th Cir. 2005) ("Minnesota law requires that a claim for defamation must be pled with a certain degree of specificity. At a minimum, the plaintiff must allege who made the allegedly libelous statements, to whom they were made, and where." (citation and quotations omitted)). In

---

[4] *Wirig* and *Vaughn* belie Defendants' assertion that "black letter law" supports their argument. The Eighth Circuit's unpublished opinion in *Gonzalez* also undermines Defendants' invocation of "black letter law," as does this District's application of the MHRA's exclusivity provision to common-law claims. *See, e.g., Hollen v. USCO Distrib. Servs., Inc.*, Civ. No. 02-1119, 2004 WL 234408, at *9 (D. Minn. Feb. 3, 2004) ("Several courts in this District have been called on to apply the exclusivity provision of the MHRA, and as recently noted, decisions of this Court on the issue of MHRA preemption are not consistent." (quotation omitted)); *Klaahsen v. APCOA/Standard Parking, Inc.*, Civ. No. 02-620, 2002 WL 1397041, at *7-8 (D. Minn. June 26, 2002) ("The decisions of this Court on the issue of MHRA preemption are not consistent."); *Callicutt v. Pepsi Bottling Group, Inc.*, Civ. No. 00-95, 2002 WL 992757, at *13 (D. Minn. May 13, 2002) (recognizing "nebulous state of the case law surrounding this issue"); *Pierce v. Rainbow Foods Group, Inc.*, 158 F. Supp. 2d 969, 974-75 (D. Minn. 2001) ("Decisions construing the exclusivity provision of the MHRA in the Minnesota courts and in this District do not give clear or consistent guidance on this issue."). In this case, Defendants do not advance any of the duty-based alternatives discussed in *Pierce* as a basis for dismissing McKenzie's common-law claims. *See* 158 F. Supp. 2d at 975.

this case, the Complaint does not set forth with specificity which defendant made an allegedly defamatory statement, to whom the statement was made, or where.[5] Accordingly, the Court dismisses the defamation claim. *See* Fed. R. Civ. P. 12(b)(6); *Pope*, 406 F.3d at 1011.

   *3.   Negligent retention and negligent supervision*

Defendants argue McKenzie's claims for negligent retention and negligent supervision should be dismissed because McKenzie alleged neither a threat of physical injury nor actual physical injury. *See Bruchas v. Preventive Care, Inc.*, 553 N.W.2d 440, 443 (Minn. Ct. App. 1996). In this case, McKenzie alleged Erickson approached her from behind as she entered his office, slammed his body into her, and pushed her into his office with his body. Construed in the light most favorable to McKenzie, the Complaint sufficiently alleges that she experienced a threat of physical injury. *See Longen v. Fed. Express Corp.*, 113 F. Supp. 2d 1367, 1375 (D. Minn. 2000). Accordingly, the Court denies Defendants' motion insofar as they assert that McKenzie failed to state a claim for negligent retention and negligent supervision.

Defendants also assert they are entitled to summary judgment on McKenzie's claims for negligent retention and negligent supervision because McKenzie experienced neither a threat of physical injury nor actual physical injury. As explained above, summary judgment can only be considered after adequate time for discovery has passed. In this case, Defendants moved for summary judgment before McKenzie had the opportunity to conduct discovery. Accordingly, the Court denies Defendants' motion insofar as Defendants seek summary judgment on McKenzie's claims for negligent retention and negligent supervision. The Court expresses no opinion as to whether the claims will survive a later motion by Defendants.

---

[5]   In her memorandum in opposition to Defendants' motion, McKenzie does not identify any defamatory statement made by Defendants. Instead, McKenzie states that Hall and Rider Bennett defamed her "by their actions, memos, emails, and conduct in the investigation, reassignment and discharge" and that Defendants' defamation continued after her discharge.

*4.     Negligent infliction of emotional distress*

Defendants contend they are entitled to summary judgment on McKenzie's claim for negligent infliction of emotional distress because she "provided no facts showing that she was in a zone of danger of physical impact and reasonably feared for her safety." As explained above, Defendants' motion on this claim is premature because McKenzie has not had an opportunity to conduct discovery. Accordingly, the Court denies Defendants' motion insofar as Defendants seek summary judgment on McKenzie's claim for negligent infliction of emotional distress. The Court expresses no opinion as to whether the claim will survive a later motion for summary judgment.

*5.     Assault and battery*

Erickson and Rider Bennett assert the Court should dismiss McKenzie's claims for assault and battery because the exclusive remedy provision of the Minnesota Workers' Compensation Act (WCA) bars it. "The workers' compensation system in Minnesota is based on a mutual renunciation of common law rights and defenses by employers and employees alike." Minn. Stat. § 176.001 (2004). An employer "is liable to pay compensation in every case of personal injury or death of an employee arising out of and in the course of employment without regard to the question of negligence." *Id.* § 176.021. The employer's liability to pay compensation "is exclusive and in the place of any other liability." *Id.* § 176.031. The WCA defines "personal injury" as "injury arising out of and in the course of employment." *Id.* § 176.011, subd. 16. A personal injury "does not include an injury caused by the act of a third person or fellow employee intended to injure the employee because of personal reasons, and not directed against the employee as an employee, or because of the employment." *Id.*; *see Foley v. Honeywell, Inc.*, 488 N.W.2d 268, 271 (Minn. 1992) (stating that an injury must arise out of the

employment, must be in the course of employment, and must not come within the "assault exception" to be compensable under the WCA).

As indicated above, the WCA generally precludes an employee from bringing a tort action for damages against the employer. *Stringer v. Minn. Vikings Football Club, LLC*, 705 N.W.2d 746, 754 (Minn. 2005). Under certain circumstances, however, an employee may bring a tort action against a coemployee, including a corporate officer, general supervisor, or foreman. *Id.*; *see Meintsma v. Loram Maint. of Way, Inc.*, 684 N.W.2d 434, 440 (Minn. 2004). The WCA provides: "A coemployee working for the same employer is not liable for a personal injury incurred by another employee unless the injury resulted from the gross negligence of the coemployee or was intentionally inflicted by the coemployee." Minn. Stat. §176.061, subd. 5(c). Under section 176.061, subd. 5(c), a plaintiff must demonstrate that the coemployee intended to cause an injury. *Meintsma*, 684 N.W.2d at 441.

As to McKenzie's claims against Erickson, the Complaint sufficiently alleges that he intended to cause an injury. For example, as described above, McKenzie alleges Erickson approached her from behind as she entered his office, slammed into her, and pushed her into his office. Construed in the light most favorable to McKenzie, the Complaint sufficiently alleges that Erickson intended to injure her. Accordingly, the Court rejects Erickson's argument that the WCA bars McKenzie's claims for assault and battery against him. *See Meintsma*, 684 N.W.2d at 441. The Court expresses no opinion as to whether Erickson's argument will prevail in a motion for summary judgment.

With regard to McKenzie's claims against Rider Bennett, Rider Bennett contends that the WCA bars the claims because they are not covered by the assault exception. Cases involving the assault exception usually fall into one of three categories:

> (1) those that are noncompensable under the [WCA] because the assailant was motivated by personal animosity toward his victim, arising from circumstances wholly unconnected with the employment; (2) those that are compensable under the [WCA] because the provocation or motivation for the assault arises solely out of the activity of the victim as an employee; and (3) those that are compensable under the [WCA] because they are neither directed against the victim as an employee nor for reasons personal to the employee.

*Meintsma*, 684 N.W.2d at 439 (quoting *McGowan v. Our Savior's Lutheran Church*, 527 N.W.2d 830, 834 (Minn. 1995)).  In a case issued after *Meintsma*, the Minnesota Court of Appeals summarized the inquiry a court must undertake when considering whether the assault exception applies:

> At its essence, [the employer's] position is that if an assault occurs at the workplace, that in and of itself puts the assault within the ambit of the WCA.  This position is not supported by Minnesota precedent.  To the contrary, the central question is not whether the employee was injured merely while at his or her employment, but whether the injury occurred because the employee was at the job "in touch with associations and conditions inseparable from it."  As *Meintsma* and *McGowan* clearly demonstrate, courts must examine cases on their individual facts to determine whether the employee's job function was somehow related to the injury.  If it is not, then the assault exception applies and the employee's common-law claim is not barred by the [WCA].

*Stengel v. E. Side Beverage*, 690 N.W.2d 380, 386 (Minn. Ct. App. 2004) (citation omitted), *rev. denied* (Minn. Feb. 23, 2005).  Asserting that *Stengel* is "contrary" to *Meintsma* and *McGowan*, Rider Bennett contends the Court should not follow it.  Rider Bennett does not explain how *Stengel* is contrary to *Meintsma* and *McGowan*, and the Court discerns no inconsistency between the acknowledgement in *Stengel* that the assault exception turns on a case's "individual facts" and the analyses of *Meintsma* and *McGowan*.  *See Meintsma*, 684 N.W.2d at 439 (holding assault exception inapplicable where incident occurred during working hours in workplace, victim had no meaningful contact with coemployees outside workplace, no evidence of personal animosity toward victim existed, and other employees were spanked in same manner as victim); *McGowan*, 527 N.W.2d at 834 ("Based on these facts, we cannot say that the rape arose from

circumstances unrelated to McGowan's employment."). In this case, the Complaint, construed in the light most favorable to McKenzie, sufficiently alleges that Erickson's alleged assault and battery of McKenzie was motivated by "personal animosity" and arose "from circumstances wholly unconnected with the employment." *See McGowan*, 527 N.W.2d at 834. The Court therefore rejects Rider Bennett's argument that the WCA bars McKenzie's claims for assault and battery against it. The Court expresses no opinion as to whether Rider Bennett's argument will prevail in a motion for summary judgment.

Finally, Erickson and Rider Bennett assert they are entitled to summary judgment on McKenzie's claims for assault and battery because she cannot prove her claims. Because Erickson and Rider Bennett moved for summary judgment on this claim before McKenzie had an opportunity to conduct discovery, the Court declines to grant them summary judgment. The Court expresses no opinion as to whether summary judgment will be appropriate after the parties have had adequate time for discovery.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss and/or for Summary Judgment [Docket No. 5] is GRANTED IN PART and DENIED IN PART.

2. The Title VII claims in paragraphs 38, 40, and 42 of the Complaint [Docket No. 34] are DISMISSED WITH PREJUDICE insofar as they are asserted against the Individual Defendants.

3. The MHRA claims in paragraphs 39, 41, 43, and 44 of the Complaint [Docket No. 34] are DISMISSED WITH PREJUDICE.

4. The defamation claim in paragraph 46 of the Complaint [Docket No. 34] is DISMISSED WITH PREJUDICE.

5.   The whistleblower claim in paragraph 48 of the Complaint [Docket No. 34] is DISMISSED WITH PREJUDICE.

Dated:  March 28, 2006

s/ Joan N. Ericksen<br>JOAN N. ERICKSEN<br>United States District Judge