UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rae Anne McKenzie,

      Plaintiff,

v.                                                                     Civ. No. 05-1265 (JNE/SRN)
                                                                  ORDER

Rider Bennett, LLP, and Gregory Erickson,

      Defendants.

Rae Anne McKenzie claims that her former employer, Rider Bennett, LLP, discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964. She also asserts claims against Rider Bennett for negligent supervision, negligent retention, negligent infliction of emotional distress, assault, and battery, and against Gregory Erickson, an attorney for whom she worked at Rider Bennett, for assault and battery.[1] The case is before the Court on McKenzie's Motion for Summary Judgment. Rider Bennett and Erickson also move for summary judgment. For the reasons set forth below, the Court stays the action as to Rider Bennett and dismisses the claims against Erickson.

## I.    BACKGROUND

From April 2003 to June 2004, McKenzie worked at Rider Bennett as a legal assistant. Initially, she worked for several attorneys. In September 2003, McKenzie was assigned to work for Erickson. In late April 2004, McKenzie wrote a letter to Erickson. He disclosed the letter to

---

[1] The claims recited above appear in McKenzie's Amended Complaint. In her original Complaint, McKenzie named additional defendants and asserted additional claims. The Court dismissed several claims in the original Complaint on March 28, 2006. McKenzie later served the Amended Complaint, but it does not appear in the record except as an attachment to her motion. *Cf.* Fed. R. Civ. P. 5(d). The parties nevertheless argue as if the Amended Complaint is the operative complaint. In light of McKenzie's pro se status and the apparent consent of Rider Bennett and Erickson to the amendment, the Court concludes that the Amended Complaint [Docket No. 81, Exh. B] is the operative complaint. *Cf.* Fed. R. Civ. P. 15(a), 16(b).

1

Rider Bennett, and the firm investigated whether Erickson had sexually harassed McKenzie. McKenzie was placed on paid leave during the investigation. McKenzie returned to Rider Bennett after the investigation, but she was no longer assigned to Erickson. After her return, McKenzie sent emails to Erickson, and Rider Bennett terminated her employment.

## II. DISCUSSION

### A. Claims against Rider Bennett

In July 2007, Rider Bennett filed a petition for bankruptcy under Chapter 11 of the Bankruptcy Code. The Court therefore stays this action as to Rider Bennett, *see* 11 U.S.C. § 362(a), and denies the motions with respect to McKenzie's claims against Rider Bennett.

### B. Claims against Erickson

McKenzie asserts claims against Erickson for assault and battery. "An assault is an unlawful threat to do bodily harm to another with present ability to carry the threat into effect." *Dahlin v. Fraser*, 288 N.W. 851, 852 (Minn. 1939). "Battery is an intentional, unpermitted offensive contact with another." *Johnson v. Morris*, 453 N.W.2d 31, 40 (Minn. 1990); *see Essex Ins. Co. v. Davidson*, 248 F.3d 716, 718 (8th Cir. 2001). McKenzie and Erickson move for summary judgment on the claims.

Erickson contends that the exclusive remedy provision of the Minnesota Workers' Compensation Act bars the claims, *see* Minn. Stat. § 176.061, subd. 5(c) (2006), and that McKenzie has not supported the claims with any evidence. To support the claims, McKenzie relies primarily on allegations made in the Amended Complaint and an unidentified page of a deposition transcript that does not appear in the record. She does not direct the Court to any evidence to support the claims. McKenzie therefore has not raised a genuine issue of material fact as to whether Erickson assaulted and battered her. *See Morgan v. A.G. Edwards & Sons,*

*Inc.*, 486 F.3d 1034, 1039 (8th Cir. 2007) ("The party opposing summary judgment cannot rest solely on the pleadings, but instead must set forth specific facts showing there is a genuine issue of material fact for trial."). Nor has she raised a genuine issue of material fact as to whether Erickson consciously and deliberately intended to injure her so as to avoid the exclusive remedy provision of the Workers' Compensation Act. *See Meintsma v. Loram Maint. of Way, Inc.*, 684 N.W.2d 434, 441 (Minn. 2004). Accordingly, the Court concludes that Erickson is entitled to summary judgment on the claims and that McKenzie is not entitled to summary judgment on the claims.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' Motion for Summary Judgment [Docket No. 72] is GRANTED IN PART and DENIED IN PART.

2. McKenzie's Motion for Summary Judgment [Docket No. 78] is DENIED.

3. McKenzie's claims against Erickson for assault and battery are DISMISSED WITH PREJUDICE.

4. McKenzie's claims against Rider Bennett are STAYED.

Dated: August 9, 2007

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge